UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES L. ASHER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cv-03551-TWP-MPB |
| GEO GROUP, INC., et al. | ) ) ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

In his Complaint, the plaintiff states he did not exhaust his administrative remedies because the grievance process would be null and void. The Court explained in a previous Order that this statement suggests that he failed to exhaust his administrative remedies before filing this action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The plaintiff was ordered to show cause why this action should not be dismissed for this reason.

The plaintiff responded by filing two motions. These motions, dkt. [19], dkt. [20], are **granted** to the extent they make clear that the plaintiff's allegations should not be construed as an acknowledgment that this action is barred, but instead are a contention that the administrative remedy process was unavailable to him. This does not, however, mean that the Court has determined that the administrative remedy process was unavailable. With this understanding, the Court will turn to screening the merits of the plaintiff's claims.

**II.**

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has

an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against (1) GEO Group, Inc.; (2) Superintendent Keith Butts; (3) Assistant Superintendent Scott Fitch; (4) Major Roy Davis; (5) Lieutenant Steven Roberts; and (6) Officer Riley. The plaintiff alleges that, on December 26, 2017, he was released from his housing unit to obtain medicine from the medical dispensary. While walking to the medical dispensary, the plaintiff was assaulted by two inmates who were improperly released from a different housing unit by Officer Riley.

The plaintiff alleges that Officer Riley is responsible for the assault because he failed to properly check the medical cards of the two inmates who were improperly released to the medical dispensary. The Eighth Amendment obligates prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish an Eighth Amendment violation, the plaintiff must show that a defendant was deliberately indifferent to "an excessive risk to inmate health or safety[.]" *Gevas v. McLaughlin*, 798 F.3d 475,

480 (7th Cir. 2015) (citation and quotation marks omitted). "This includes two components: (1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Sinn v. Lemmon*, --- F.3d ----, 2018 WL 6583369, *5 (7th Cir. 2018) (citation and quotation marks omitted). "For this second element, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (citation and quotation marks omitted).

The plaintiff's sole allegation against Officer Riley—that he failed to properly check medical cards before releasing inmates to the medical dispensary—does not show that Officer Riley had "actual . . . knowledge of this risk" that the two inmates in question would assault the plaintiff. *Id.* (citation and quotation marks omitted). Instead, the plaintiff's allegation sounds in negligence, which is to say that Officer Riley mistakenly let inmates out of a cell block that should not have been released. This does not show that Officer Riley was deliberately indifferent to a known risk that the plaintiff would be assaulted. The plaintiff's Eighth Amendment claim against Officer Riley must therefore be **dismissed** for failure to state a claim.

The plaintiff alleges that the first five defendants are responsible for the assault because they knowingly run an overcrowded and understaffed prison, they do not provide proper security during major line movements, and they failed to properly train Officer Riley regarding releasing inmates during major line movements. As a general matter, there is no liability for supervisory staff under § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

However, individuals "who are responsible for setting prison policy[] can be held liable for a constitutional violation if they are aware of a systematic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy." *Sinn*, --- F.3d ----, 2018 WL 6583369, at *8 (citation and quotation marks omitted). "But an inmate cannot show a 'widespread practice of an unconstitutional nature,' such as a custom of ignoring prison policy, by pointing to 'isolated incidents of inmate-on-inmate brutality.'" *Id.* (quoting *Palmer v. Marion Cnty.*, 327 F.3d 588, 597 (7th Cir. 2003)). Here, the plaintiff only alleges one incident—the one where he was assaulted. To the extent the plaintiff also alleges that the overcrowding and understaffed nature of the prison along with the supervisory defendants' failure to train Officer Riley is sufficient to state an Eighth Amendment claim, the Seventh Circuit has held that such allegations from the plaintiff are, without more, insufficient because they do not present "a history or pattern of violence" at the prison. *Id.* For this reason, the plaintiff's Eighth Amendment claims against the remaining defendants are **dismissed** for failure to state a claim.

### III.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through February 4, 2019**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 1/7/2019

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES L. ASHER
902613
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362