# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES L. ASHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-03551-TWP-MPB |
| | ) | |
| GEO GROUP, INC., KEITH BUTTS, | ) | |
| SCOTT FITCH, ROY DAVIS, and | ) | |
| STEVEN ROBERTS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In this civil rights action, *pro se* Plaintiff James L. Asher ("Mr. Asher") alleges an Eighth Amendment policy or practice claim against GEO Group, Inc. for failing to have adequate staffing which resulted in two inmates attacking and injuring him at the New Castle Correctional Facility ("NCCF").

Mr. Asher subsequently filed a Motion for Preliminary Injunction, requesting that the Court issue a protective order against the GEO Group and the Indiana Department of Correction ("IDOC") and order that he be placed in the Federal Witness Protection program and transferred from NCCF to a federal prison. (Dkt. 59 at 1-2.) The Defendants have opposed the motion for preliminary injunction. (Dkt. 62.)

## I. PRELIMINARY INJUNCTION STANDARD

"A preliminary injunction is an extraordinary remedy." *HH-Indianapolis, LLC v. Consol. City of Indianapolis and County of Marion, Indiana*, 889 F.3d 432, 437 (7th Cir. 2018) (internal quotation omitted). "To obtain a preliminary injunction, a plaintiff must establish that it has some likelihood of success on the merits; that it has no adequate remedy at law; that without relief it will

suffer irreparable harm." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (internal quotations omitted); *see also Winter v. Nat'l Resources Defense Co., Inc.*, 555 U.S. 7, 20 (2008) (same). "If the plaintiff fails to meet any of these threshold requirements, the court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (internal quotations omitted).

If Mr. Asher passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018).

## II.     BACKGROUND

In his Complaint and Response, Mr. Asher alleges that the GEO Group has a policy or practice of understaffing their facilities creating dangerous conditions for inmates. (Dkt. 1; Dkt. 38.)[1] He believes this practice resulted in him being beaten and injured by two inmates. *Id.* In his motion seeking injunctive relief, Mr. Asher alleges that the medical department attempted to murder him by giving him a lethal dose of two medications—Cymbalta and Prozac—that are not supposed to be combined. (Dkt. 59 at 1.) He asserts that they attempted to kill him in retaliation for him filing this lawsuit. *Id.* at 2. He believes that if he is not removed from the GEO Group and IDOC custody, there will be another attempt on his life. *Id.*

The Defendants acknowledge that medical personnel prescribed Mr. Asher Cymbalta and Prozac, (Dkt. 62-1 at ¶ 8), but they deny responsibility over his medical care. Grievance Specialist Hannah Winningham ("Ms. Winningham") testified that the GEO Group contracts with the IDOC

---

[1] In particular, Mr. Asher contends IDOC officials knew the facility was understaffed (allegedly because they were being fined each day they were understaffed) and had they followed their own practices and policies and locked down the facility assaults would not have occurred.

to manage the operational control of NCCF, but it has no control or responsibility over medical decisions. *Id.* at ¶ 5. Mr. Asher told Ms. Winningham that he believed medical personnel were trying to kill him by prescribing Cymbalta and Prozac. *Id* at ¶ 8. She did an internet search which confirmed that a side effect of combining those two drugs could be coma or death. *Id.* at ¶ 9. Ms. Winningham spoke with medical department personnel who confirmed the drugs should not be prescribed together and stated they would speak with medical staff and Mr. Asher to resolve the issue. *Id.* at ¶ 10. After that, Ms. Winningham had no further interaction with Mr. Asher or medical personnel about the issue. *Id.* at ¶ 11.

## III. DISCUSSION

As explained below, Mr. Asher has failed to establish his right to injunctive relief. Mr. Asher has not shown that he is likely to succeed on the merits of his claims, that he will suffer irreparable harm if immediate relief is not granted, and that his legal remedies are inadequate.

### A. Likelihood of Success on the Merits

Mr. Asher alleges that the Defendants are trying to kill him in retaliation for filing this lawsuit, but the GEO Group has no responsibility for medical care at NCCF, and the medical provider is not a defendant in this suit. Further, Ms. Winningham, a GEO Group employee, addressed Mr. Asher's legitimate concern about the interaction between these two drugs with medical staff, and the matter appears resolved. *See* Dkt. 65 at 4 (Mr. Asher acknowledges that he is no longer taking the two medications).

Additionally, the relief he seeks is not possible. A prisoner has no constitutional right to select a particular correctional facility or to be transferred to a different facility upon request. *See Olim v. Wakinekona*, 461 U.S. 238, 245-49 (1983). Thus, Mr. Asher has no right to be transferred to a federal prison.

**B.      Irreparable Harm**

"[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified School Dist. No. 1 Bd. of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal quotations omitted). Mr. Asher has failed to establish that he is at risk of suffering irreparable harm if his injunctive relief is not granted. As noted above, Mr. Asher's legitimate concerns about his medical care have been resolved. He offers nothing more than speculation that the Defendants—or even the non-defendant medical staff—are trying to kill him.

**C.      Inadequate Legal Remedies**

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (internal quotation omitted). If he prevails in this action, Mr. Asher will be compensated with monetary damages. For the same reasons Mr. Asher has failed to show irreparable harm, he has also failed to show that available legal remedies are inadequate.

**IV.      CONCLUSION**

Because Mr. Asher did not show any of the threshold requirements for injunctive relief, the Court need not move to the balancing phase. For the reasons stated above, Mr. Asher's Motion for Preliminary Injunction, Dkt. [59], is **DENIED**.

     **SO ORDERED.**

Date: 12/31/2019

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

James L. Asher #902613
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana  47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com